OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has moved for an order (1) dismissing plaintiff s second cause of action, and (2) granting leave to serve a second *206 amended answer. For reasons that follow, the motion is granted in part and denied in part.
The complaint alleges that infant plaintiff A.C. was sexually abused by an older brother, that A.C. and her mother reported the abuse to defendant Dr. Diesfeld, and that Dr. Diesfeld failed to report the abuse to the child abuse registry or child protective services. The second cause of action alleges that infant plaintiff R.G. was also sexually abused by the same perpetrator and this subsequent abuse would not have occurred if defendant had properly reported the initial abuse of A.C. Defendant contends that he had no duty of care to R.G., who was never his patient, and the cause of action based on the alleged abuse of R.G. would greatly expand traditional tort principles. Plaintiffs agree but argue that the expansion is warranted by the legislative intent of establishing a “more comprehensive approach to the problem of child abuse.”
Questions about legal duty are resolved by resorting to “concepts of morality, logic and consideration of the social consequences of imposing the duty” (Tenuto v Lederle Labs., 90 NY2d 606, 612 [1997]). In Tenuto, the defendant physician administered an oral polio vaccine to a child. The oral vaccine carried a small but statistically predictable risk of the vaccine becoming virulent and being discharged in the infant’s feces or saliva. Because of this risk to the parents, the Court of Appeals extended the duty of care to include the parents of a child who was given the oral vaccine.
In Cohen v Cabrini Med. Ctr. (94 NY2d 639 [2000]), the plaintiff husband underwent surgery to enhance his fertility. However, the surgery resulted in a lower sperm count and the plaintiff wife brought an action based on her failure to conceive a child with her husband. The Court declined to extend the duty of care to the plaintiff wife because no treatment or care of her was ever contemplated. The instant case appears to present a situation somewhere between Tenuto and Cohen but the court believes it is closer to Cohen.
Plaintiffs cite Zimmerman v United States (171 F Supp 2d 281 [2001]) in support of their opposition to the motion. There, a father brought an action on behalf of himself and his daughter, who was sexually assaulted by an officer at West Point. Previously, other young girls had informed a West Point counselor that, while staying at the perpetrator’s house, they had awakened to find the perpetrator standing over them. The counselor wrote a memo to her superiors, who decided not to *207 investigate further. Plaintiffs’ claims against the Army were that by failing to report the incident pursuant to 42 USC § 13031 and Social Services Law § 413, the Army breached its duty of care. The claim under the Social Services Law was dismissed because the plaintiffs failed to plead a “knowing and willful” failure to report. There was no discussion of the duty owed to the ultimate victim.
Defendant cites Lurene F. v Olsson (190 Misc 2d 642 [2002]) in support of his motion. There, a 16-year-old boy was molested during a summer theater session. The victim reported the abuse to a music teacher several months later. The victim’s mother sued the teacher and the school district alleging that the teacher’s failure to report the abuse caused her to suffer emotional trauma. The court, relying in part on a ruling in a Michigan court (Marcelletti v Bathani, 198 Mich App 655, 500 NW2d 124 [1993]), found no legal duty to the victim’s parent when a mandatory reporter failed to make a report of child abuse. That, of course, is not precisely the situation we have here.
Pingtella v Jones (305 AD2d 38 [2003]) is also not precisely on point but is instructive. There, the defendant psychiatrist was treating a woman for “major depression with psychotic features” (at 39). During the period she was treating, the woman stabbed her son, who was wounded and developed psychiatric problems. After the boy’s father, on behalf of the boy, sued the psychiatrist, the Fourth Department declined to extend the psychiatrist’s duty of care to include the son.
The court finds Pingtella persuasive. A treating psychiatrist is not liable to someone who is victimized by the psychiatrist’s patient; such an extension could potentially make a psychiatrist liable to huge numbers of people who had no relationship to the psychiatrist and would discourage a mental health professional from attempting to treat such a patient. Similarly, the failure to report the sexual abuse of a patient should not make Dr. Diesfeld or any similarly situated person liable to anyone the perpetrator abuses in the future.
Moreover, the “but for” factor also seems to weigh against extending the duty owed to the lengths sought by plaintiff. Even had the initial abuse been reported, could it ever be shown that the subsequent abuse would not have occurred? The claim that “but for” the failure to report, someone else would not have been abused, is far too speculative to support a cause of action.
Defendant also seeks to amend the answer asserting a counterclaim for contribution. While this court would generally *208 freely permit such an amendment, in this case the motion must be denied. Jury selection is scheduled for December 6, 2004, and the case will be more than one year beyond “standards and goals” by then. Further, counsel for defendant admits that they wanted to complete the deposition of the perpetrator before adding counterclaims against his father and stepmother so the perpetrator’s testimony would not be influenced by the suit against his father and stepmother. While this court is sympathetic, that also comes perilously close to gamesmanship.
Finally, granting the motion could result in a lengthy delay because of the risk that another attorney would have to be brought in. The infant plaintiff has now reached the age of majority. Who does counsel represent — the allegedly injured plaintiff or the plaintiffs father and stepmother? That poses a conflict that could not be resolved by one attorney representing both the plaintiff and her parents.
Accordingly, the motion seeking summary judgment on plaintiffs second cause of action is granted but the motion to serve an amended answer is denied.